UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL A. SCHLAGENHAFT,

      Plaintiff,

v.                Case No. 18-cv-1542-pp

CORPPRAL J. NELSON, #2197,

      Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

At the time he filed his complaint, the plaintiff was a Wisconsin pre-trial detainee in the Brown County Jail;[1] representing himself, he filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights by assaulting him at the Brown County Jail. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I. Motion for leave to proceed without prepaying the filing fee (Dkt. No. 2)**

The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law lets a court allow an incarcerated plaintiff to proceed without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the

---

[1] The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff now is incarcerated at the Columbia Correctional Institution. https://appsdoc.wi.gov/lop/detail.do.

1

plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 16, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $1.00. Dkt. No. 8. On December 26, 2018, the court received a letter from the plaintiff, explaining that he could not pay that amount. Dkt. No. 11. The court is satisfied that the plaintiff neither has the assets nor the means to pay. See 28 U.S.C. § 1915(b)(4). The court will waive the initial partial filing fee and will require the plaintiff to pay the filing fee over time in the manner explained at the end of this order.

**II.     Screening the plaintiff's complaint**

   A.     Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain enough facts, accepted as true, to make the complaint "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States and that whoever deprived him of that right was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B. The Plaintiff's Allegations

The plaintiff says that at 10:21 p.m. on July 16, 2018, the defendant assaulted the plaintiff for (the plaintiff quotes) "resisting to go to a segregation cell." Dkt. No. 1 at 2. The plaintiff says that the defendant slammed the plaintiff into the cell door, which resulted in a "cut lip" and a bruise on the plaintiff's right shoulder. Id. The plaintiff explains that he was not resisting; he says he simply was asking for his "non-canteen ordered" slippers because he did not walk around in his cell barefoot like an animal. Id. The plaintiff believes that the defendant did this because of "past tickets" involving him and the defendant getting into arguments, but he says that "that was a long time ago." Id. at 3. The plaintiff says that the defendant's action was "unnecessary force to an inmate." Id. The plaintiff asserts that "in an attempt to go through the

3

Case 2:18-cv-01542-PP   Filed 07/14/20   Page 3 of 8   Document 14

grievance process the correctional officers wouldn't give [him] a grievance." Id. The plaintiff seeks monetary damages and he wants a hand-written apology from the defendant. Id.

    C.    <u>The Court's Analysis</u>

"'[T]he Due Process clause protects a pretrial detainee from the use of excessive force that amounts to punishment." <u>Kingsley v. Hendrickson</u>, 576 U.S. 389, 397-98 (2015) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 395 n.10 (1989)). "Punishment" can include actions taken with the intent to punish, <u>id.</u> at 398 (citing <u>Bell v. Wolfish</u>, 441 U.S. 520, 538 (1979), or actions that "are not 'rationally related to a legitimate nonpunitive government purpose' or that . . . 'appear excessive in relation to that purpose,'" <u>id.</u> (citing <u>Bell</u>, 441 U.S. at 541-43). "To prevail on a claim of excessive force, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" <u>Williams v. Stauche</u>, 709 Fed. App'x 830, 834 (7th Cir. 2017) (quoting <u>Kingsley</u>, 135 S. Ct. at 2472-73).

> "[O]bjective reasonableness turns on the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 2473 (quotation marks and citation omitted). The absence of significant injury will not defeat a claim of excessive force. *Hudson v. McMillian,* 503 U.S. 1, 4 . . . (1992); *Guitron v. Paul,* 675 F.3d 1044, 1046 (7th Cir. 2012).

<u>Id.</u> at 834-35.

The plaintiff states that the defendant slammed him into a cell door for no reason, that he was not resisting and that the force caused the plaintiff to

4

have a cut lip and bruising on his right shoulder. Based on these allegations, the plaintiff may proceed with a Fourteenth Amendment claim that defendant Corporal J. Nelson used objectively unreasonable force against him on July 16, 2018.

The plaintiff also asserts that "the correctional officers" would not give him a grievance form so that he could file a complaint. The Seventh Circuit has held that any right to a grievance procedure is a procedural right, not a substantive one. Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (citation omitted). The fact that the jail may have denied the plaintiff access to the grievance process does not give rise to a liberty interest protected by the Due Process Clause. Id. The procedural right "exists to ensure that prisoners and detainees can access the courts," Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008). The plaintiff has not alleged that the denial of the grievance process has resulted in a denial of his access to the court. Even if he had made that allegation, he has not identified which correctional officers refused to give him a grievance form. The court will not allow the plaintiff to proceed on his claim that he was denied a grievance for without more information.

If the plaintiff wants to proceed on a claim regarding the denial of a grievance form, he must file an amended complaint within thirty days of the date of this order, identifying the defendants who refused him the grievance form. The amended complaint must include all the plaintiff's allegations against all the defendants, including defendant Nelson; he cannot just tell the

5

court to look back at his original complaint. If he does not know the names of the officers who refused him the form, he can identify them as "John Doe" or "Jane Doe" and describe them—John Doe corrections officer who was working at the security bubble on July 17, 2018, or something of that nature. He must identify the amended complaint as an "amended" complaint. If the plaintiff does not file an amended complaint in time for the court to receive it within thirty days of the date of this order, he will be confined to proceeding only on his excessive force claim against defendant Nelson.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on Corporal J. Nelson of the Brown County Jail under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** Corporal J. Nelson to file a responsive pleading to the complaint.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 14th day of July, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**